# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal Nos. 17-3(1), 17-248(3) (DWF/HB) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Marco Antonio Avila, | |
| Defendant. | |

Glenn P. Bruder, Esq., Mitchell Bruder & Johnson, counsel for Defendant.

Allen A. Slaughter and Katharine T. Buzicky, Assistant United States Attorneys, United States Attorney's Office, counsel for the Government.

## INTRODUCTION

This matter is before the Court on Defendant Marco Antonio Avila's ("Avila") Motion to Reduce Sentence in light of the COVID-19 pandemic.[1] (Doc. No. 467, Related Case Doc. No. 256, collectively ("Motion").) The United States of America (the "Government") opposes Avila's Motion. (Doc. No. 470.)[2] The Court also received and considered Avila's reply to the Government's opposition. (Doc. No. 471, Related Case

---

[1] On December 9, 2020, Avila filed a motion for compassionate release in Case No. 17- cr- 248(3) ("Related Case"). (Doc. No. 256.) This Order applies to both filings. For the purposes of citation, the Court lists the document entry in Case No. 17-cr-3(1) first, followed by the docket entry in the Related Case when applicable.

[2] The Government did not file its opposition in the Related Case.

Doc. No. 259, collectively ("Reply").) For the reasons discussed below, the Court respectfully denies Avila's Motion.

## BACKGROUND

On May 30, 2017, Avila pled guilty to one count of conspiracy to distribute methamphetamine and cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. (Doc. Nos. 224, 229.) On January 22, 2018, he pled guilty in a related case to one count of conspiracy to distribute 500 grams or more of methamphetamine, again in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.[3] (Related Case Doc. Nos. 125, 126.) In a joint sentencing on May 25, 2018, this Court sentenced him to 312 months' imprisonment to be followed by a 10-year term of supervised on each count, to run concurrently. (Doc. No. 436; Related Case Doc. No. 179.)

Avila is currently incarcerated at Victorville Medium I FCI ("Victorville") in Victorville, California with an anticipated release date of May 14, 2040. Federal Bureau of Prisons, Inmate Locator, *htttps://www.bop.gov/inmateloc/* (last visited Dec. 29, 2020). Victorville reports 153 active COVID-19 CASES among its inmates and 26 among its staff, and 490 inmates and 21 staff who have recovered from COVID- 19. Federal Bureau of Prisons, COVID-19: Coronavirus, *https://www.bop.gov/coronavirus/* (last visited Dec. 29, 2020). To date, the BOP has performed 1009 COVID-19 tests at

---

[3] The second indictment arose from Avila's involvement in drug trafficking activities while incarcerated. (Doc. No. 420, Related Case Doc. No. 147, collectively, ("PSR") ¶ 66.)

2

Victorville with 640 tests positive for the virus. *Id.* Sadly, 2 inmates there have died from COVID-19. *Id.*

Avila now moves for compassionate release pursuant to 18 U.S.C. § 3582(c) on the grounds that he suffers from asthma, obesity, and high cholesterol. (Motion at 1, 6-7; Reply at 2; *see also* Doc. No. 468, Related Case Doc. No. 257, collectively ("Def. Addend.") at 21-25 ("Medical Records"); Doc. No. 472, Related Case Doc. No. 260, collectively, ("Bruder Decl.") ¶ 3, Ex. 1).)[4] Avila argues further that he continues to suffer lingering effects after contracting COVID-19 in August 2020 and that reinfection remains a deadly risk.[5] (Motion at 1, 6-7; Reply at 3.) Moreover, Avila contends that the sentencing factors 18 U.S.C. § 3553(a) support release.[6] (Motion at 1, 6-7; Reply at 4-5.)

## DISCUSSION

The First Step Act allows the Court to reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Such "extraordinary and compelling reasons" include (1) medical conditions which diminish the ability of the defendant to provide self-care in

---

[4] As of June 15, 2020, Avila's BMI was 37.5. (Medical Records at 23.)

[5] Avila asserts that while he was not hospitalized for his initial diagnosis, he continues to suffer from fatigue, coughing, and shortness of breath several months later. (Motion at 7.) He also asserts that the length of any potential immunity is uncertain. (*Id.*)

[6] Avila contends that post-sentencing, he has "laudably used his time in custody in a transformative manner," including remaining free from disciplinary action, pursuing a GED, receiving drug and mental health education, and serving as a suicide-watch companion. (*Id.* at 8.)

3

prison and from which he or she is not expected to recover, (2) age-related deterioration, (3) family circumstances, and (4) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories.  U.S.S.G. § 1B1.13 ("Sent'g Comm'n Pol'y Statement" or "Statement"), cmt. n.1(a)(ii).[7]  If "extraordinary and compelling reasons" exist, a reduction of sentence is appropriate when "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)" and "the reduction is consistent with [the Sentencing Commission's] policy statement."  Statement.  The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent they are applicable." 18 U.S.C. § 3582(c)(1)(A).

Notwithstanding, a defendant may move for a sentence reduction only after complying with an exhaustion requirement.  18 U.S.C. § 3582(c)(1)(A).  Specifically, a defendant may move for a sentence reduction "[1] after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [2] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ."[8]  *Id.*

---

[7]  While the Statement refers only to motions filed by the BOP Director, the Court construes the statutory command pursuant to § 3582(c)(1)(A)(ii) that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission" to mean that the Statement also applies to motions filed by defendants.

[8]  Although judicially created exhaustion requirements may sometimes be excused, no exception applies to a statutory command such as that presented in Section 3582(c)(1)(A).  *See Ross v. Blake*, 136 S. Ct. 1850, 855-57 (2016) (rejecting judicially created "special circumstances" exception to the exhaustion requirement unambiguously stated in the Prison Litigation Reform Act of 1995).

The record reflects that Avila requested compassionate release from the warden at Victorville on September 10, 2020 and received no response. (Doc. No. 468 at 2-8; Related Case Doc. No. 256 at 2-8.) Accordingly, the Court finds that his Motion is properly before it.

Notwithstanding, after a careful review of Avila's Motion, Medical Records, and other documentation, the Court finds that his circumstances do not meet the demanding standard necessary for compassionate release. The Court recognizes that Avila's obesity places him at heightened risk of severe illness should he contract COVID-19 again. Centers for Disease Control and Prevention, Coronavirus Disease: People with Certain Medical Conditions, *https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html* (last visited Dec. 29, 2020).[9] Nevertheless, the Court declines to grant release because it cannot conclude that Avila no longer poses "a danger to the safety of any other person or the community." Statement. Moreover, the Court finds that the § 3553(a) sentencing factors weigh strongly against release. 18 U.S.C. § 3553(a).

---

[9]   The Court also recognizes that moderate to severe asthma is a possible factor that may increase risk of severe infection from COVID-19. Centers for Disease Control and Prevention, Coronavirus Disease: People with Certain Medical Conditions, *https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html* (last visited Dec. 29, 2020). While his Medical Records do not indicate the severity of his asthma, Avila contends that he has difficulty breathing at night and asserts that his condition is severe. (Reply at 2; Bruder Decl. ¶ 3, Ex. 1.) Even allowing that Avila suffers from severe asthma, the Court's analysis and conclusion remains the same.

In short, Avila has served less than 3 years of a 312-month sentence. (Def. Addend. at 54.) While the Court commends Avila for zero disciplinary infractions since his sentencing, the Court cannot overlook his prior criminal activity both in and out of custody. The Court finds that a such a significant sentence reduction would not adequately address the seriousness of the charges of Avila's conviction, promote respect for the law or provide a just punishment.[10]

It is truly unfortunate that an outbreak of the virus occurred at Victorville and that Avila was one of hundreds who became ill. The Court recognizes Avila's concern that continued incarceration may result in re-infection. Sadly, until there is a vaccine, some level of continued spread is inevitable. It is promising, though, that Victorville appears to have been able to reduce the incidence of COVID-19 among its population and that it continues to employ measures to mitigate its spread.[11] In spite of the risk, the BOP must continue to carry out its charge to incarcerate sentenced criminals to protect the public

---

[10] The Court notes that Avila was the leader of a major drug-trafficking organization and that that less than 5 years ago, he successfully continued his drug-trafficking activities from the confines of incarceration. It is truly laudable that Avila has committed himself to reform, particularly his investment in education and companionship to prisoners on suicide watch. Notwithstanding, simply too little time has passed for the Court to conclude that Avila is fully rehabilitated and no longer poses a danger to society.

[11] The Court notes that effective March 13, 2020, the BOP required all of its facilities to implement a set of measures "to mitigate the spread of the COVID-19" and "to ensure the continued effective operation of the federal prison system." *See* Federal Bureau of Prisons, BOP COVID-19 Action Plan, *https://www.bop.gov/resources/news/20200313_covid-19.jsp* (last visited Dec. 29, 2020). Those steps include limiting visits and internal movement, increased hygiene measures, and screening of both staff and inmates. (*Id.*) The BOP periodically updates its Plan and is currently in Phase Nine. Federal Bureau of Prisons, Coronavirus (COVID-19) Phase Nine Action Plan, *https://prisonology.com/wp-content/uploads/2020/08/COVID-19-Phase-9-COVID-Action-Plan.pdf.* (last visited Dec. 29, 2020).

and any release must be balanced against the danger it poses to society. Here the factors weigh strongly against release.

In short, while the Court understands the gravity of the COVID-19 pandemic and recognizes Avila's concerns, the Court finds that the circumstances do not warrant release. Accordingly, the Court respectfully denies Avila's Motion.

## CONCLUSION

For the reasons set forth above, the Court finds that Avila is ineligible for compassionate release because it cannot determine that Avila no longer poses a threat to society and because the § 3553(a) factors weigh against release.

## ORDER

Based upon the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Marco Antonio Avila's Motion to Reduce Sentence in light of the COVID-19 pandemic [Doc. No. 467; Related Case Doc. No. 256] is respectfully **DENIED**.

Date: January 5, 2021                             s/Donovan W. Frank
                                                  DONOVAN W. FRANK
                                                  United States District Judge